**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| ROBERTO BAPTIST ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZURICH AMERICAN INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. 3:19-CV-00186-REP |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S STATEMENT REGARDING JURISDICTION**

In accordance with this Court's Order dated April 24, 2019, Defendant Zurich American Insurance Company ("ZAIC"), by and through counsel, hereby files its Statement Regarding Jurisdiction.

**I.     RELEVANT PROCEDURAL HISTORY**

On or around February 14, 2019, Plaintiff Roberto Baptist ("Plaintiff") filed his Complaint seeking a declaratory judgment against ZAIC in the Circuit Court for the City of Richmond. The Complaint asserts two claims against ZAIC – bad faith and breach of fiduciary duty. Specifically, Plaintiff alleges that ZAIC withheld payment of benefits under an Occupational Accident Insurance policy, and ZAIC owed a duty to disclose to Plaintiff the nature of its insurance relationship with Lasership, Inc. ("Lasership"), an entity with whom Plaintiff contracted. *See* Doc. 1-1, Complaint ("Complaint") ¶¶ 5-13.

ZAIC was served with process on February 19, 2019. Doc. 1-1 at 2. ZAIC removed the action to federal court twenty-seven days later, on March 18, 2019.

This Court held an initial preliminary pretrial conference on Monday, April 22, 2019. At the pretrial conference, this Court inquired into the amount in controversy and *sua sponte* raised a concern regarding this Court's subject matter jurisdiction. By order dated April 24, 2019, this Court directed Plaintiff to provide ZAIC with a quantified statement of damages on April 26, 2019. *See* Order, Doc. 16. This Court also directed ZAIC to file a statement on jurisdiction on or before May 10, 2019. *Id.*

## II.  STATEMENT REGARDING JURISDICTION

This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000 exclusive of interest and costs is at stake.

### A.  DIVERSITY OF CITIZENSHIP

Plaintiff is a citizen of Virginia. Complaint, ¶ 1. Defendant ZAIC is incorporated under the laws of New York, with its principal place of business in Illinois. ZAIC is a citizen of New York and Illinois. There is no dispute that there is diversity of citizenship between all parties for purposes of 28 U.S.C. § 1332(a).

### B.  AMOUNT IN CONTROVERSY

For federal jurisdiction to exist, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy finding must be satisfied by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B).

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for

the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938) (footnotes omitted).

For jurisdictional purposes, the amount-in-controversy is based on the complaint at the time of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939); *see also* § 3702.1, Determination of the Amount in Controversy—Cases Removed from State Court, 14AA Fed. Prac. & Proc. Juris. § 3702.1 (4th ed.). Reduction in the plaintiff's claims below the threshold amount subsequent to removal does not affect federal jurisdiction. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 293, 58 S.Ct. at 592, 82 L.Ed. at 845 ("[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."). Accordingly, a reduction in the plaintiff's demand does not "divest" a court of jurisdiction once jurisdiction has properly attached. *See id.* (citing *Kirby v. American Soda Fountain Company*, 194 U.S. 141, 24 S.Ct. 619, 621, 48 L.Ed. 911)).

Usually, the determination of the amount in controversy is made from the face of the plaintiff's complaint. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 291, 58 S.Ct. at 591, 82 L.Ed. at 845. ("[T] status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove."). However, removal jurisdiction is appropriate for cases seeking nonmonetary relief if the value of the object of the litigation meets the jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(A)(i); *Hunt v. Washington State Apple Advert. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977).

In this case, the Complaint is one for declaratory relief. It seeks to enforce the terms and conditions of the policy, attorneys' fees pursuant to Virginia Code § 38.2-209,[1] and costs expended.

Prior to initiating suit, in December of 2018, Plaintiff made a settlement demand of $125,000 for his claims[2] against ZAIC.[3] At some time after filing the instant Complaint in February 2019, Plaintiff increased his settlement demand to $250,000 for both the workers' compensation case and the instant case. ZAIC removed the instant action to federal court on the

---

[1] Virginia Code § 38.2-209(A) provides:

> Notwithstanding any provision of law to the contrary, in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy or fidelity bond or the extent to which his insurer is liable for compensating a covered loss, the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the court may award. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy. "Individual," as used in this section, shall mean and include any person, group, business, company, organization, receiver, trustee, security, corporation, partnership, association, or governmental body, and this definition is declaratory of existing policy.

[2] At the time, Plaintiff also had a pending workers' compensation action arising out of the same occupational injury. Under a separate contingent liability policy, ZAIC insures Lasership in the event an independent contractor such as Plaintiff challenges his employment classification. ZAIC and Plaintiff have tentatively settled the workers' compensation claim which resolves all injury-related claims, and the settlement is awaiting final approval.

[3] While settlement offers are inadmissible to prove liability under Fed.R.Evid. 408, the Circuits that have addressed the issue have held that settlement offers are admissible to show that the amount in controversy for jurisdictional purposes has been met. *See*, *e.g.*, *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Carroll v. Stryker Corp.*, 658 F.3d 675, 682 n.2 (7th Cir. 2011); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While this settlement offer, by itself, may not be determinative, it counts for something."). Research has not revealed a Fourth Circuit case directly on point; however, other courts in this Circuit have adopted this view. *See Carmax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392, 398 (D. Md. 2016), *aff'd,* 730 F. App'x 174 (4th Cir. 2018).

basis of Plaintiff's settlement demands, which indicated that he believed the value of his claims to exceed $75,000.

After an initial pretrial conference before this Court, Plaintiff adjusted his demand to $160,000 for the instant case, considering the tentative settlement of his workers' compensation case. In Plaintiff's April 26, 2019 Fed. R. Civ. P. 26(a) initial disclosures (which was the only statement of damages provided pursuant to this Court's directive), he alleged compensatory damages in the amount of $9,979.20, and punitive damages in the amount of $100,000. *See* Initial Rule 26(a)(1)(A) Disclosures by the Plaintiff, attached hereto as "Exhibit A."[4] Following receipt of the initial disclosure statement of damages, the parties met and conferred, at which time Plaintiff explained that the compensatory damages amount represents treble damages for the premiums he paid for the Occupational Accident Insurance policy. In other words, Plaintiff's claimed compensatory damages are $3,326.40. The basis for the treble damages is unclear.

On the one hand, Plaintiff's pre-removal settlement demands vastly overstate the value of his claims. Zurich's legitimate defenses are readily apparent from a cursory review of Plaintiff's Complaint. In particular, bad faith requires contractual liability to pay under a policy and lack of a reasonable basis for payment. *See Manu v. GEICO Cas. Co.*, 293 Va. 371, 386, 798 S.E.2d 598, 606 (2017). In addition, in Virginia, the relationship between an insurer and an insured is at arm's length, and no fiduciary duty extends from the insurer. *State Farm Mut. Auto. Ins. Co. v. Floyd*, 235 Va. 136, 143, 366 S.E.2d 93, 97 (1988).

---

[4] "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper" under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

Nevertheless, the presence of valid defenses does not negate a plaintiff's claimed damages. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 289, 292, 58 S.Ct. at 590, 592, 82 L.Ed. at 845. Given Plaintiff's circular pleadings, the limited time for removal, and the good-faith[5] threshold for Plaintiff's own valuation of his claims, ZAIC was required to act promptly in order to assert its right to removal jurisdiction, particularly as this case is ripe for summary adjudication. Accordingly, while Plaintiff's claims appear thin and specious, and Plaintiff's post-removal initial disclosures[6] and the explanations offered therefor tend to cast doubt on the legitimacy of Plaintiff's valuation of his own claims,[7] the case was properly removed based on Plaintiff's demands, and this Court's jurisdiction has appropriately attached.

---

[5] Plaintiff's damages claim cannot satisfy the jurisdictional threshold if it appears to a legal certainty that he cannot recover that amount. *St. Paul Mercury Indem. Co.*, 303 U.S. at 289, 58 S.Ct. at 586, 592 L.Ed at 845.

[6] In order to avoid tactical damages claims, federal courts have required binding affidavits or stipulations that plaintiffs will continue to claim less than the jurisdictional amount as a pre-condition for remand. § 3702.1, Determination of the Amount in Controversy—Cases Removed from State Court, 14AA Fed. Prac. & Proc. Juris. § 3702.1 (4th ed.) (collecting cases). In this case, it would be ZAIC's position that the statement of damages is a judicial admission of the amount of the compensatory and other damages claimed, and Plaintiff is foreclosed to seek an amount in excess of the stated damages.

[7] *See Condominium Servs, Inc. v. First Owners' Ass'n of Forty Six Hundred Condominium, Inc.*, 281 Va. 561, 579 (punitive damages only allowable where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others); *Coalson v. Canchola*, 287 Va. 242, 251-52 (applying U.S. Supreme Court guidelines for use in reviewing whether punitive damages are excessive, including (1) degree of reprehensibility of defendant's misconduct, (2) disparity between actual harm suffered and punitive damages award; and (3) difference between punitive damages awarded by the jury and penalties authorized in comparable cases). It is ZAIC's position that Plaintiff has no good faith basis for even alleging punitive damages absent a sufficient foundation which has not been plead to date, and with no alleged basis going forward.

### i. ATTORNEYS' FEES

Finally, although the amount-in-controversy calculation does not generally include attorneys' fees, there are two exceptions to this rule: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorneys' fees. *Los Amigos Five, Inc. v. Canopius US Ins., Inc.*, No. 3:18-CV-253, 2018 WL 5539505, at *3 (E.D. Va. Oct. 29, 2018). Here, Plaintiff's Complaint requests attorneys' fees pursuant to a statutory provision, Virginia Code § 38.2-209. Accordingly, attorneys' fees may be appropriately considered in determining the amount in controversy.

## III. CONCLUSION

This Court may properly exercise diversity removal jurisdiction because there is no dispute that the parties are diverse and a preponderance of the evidence demonstrates that the Complaint at the time of removal satisfied the jurisdictional threshold.

DATED: May 10, 2019

By: */s/ Kennedy C. Ramos*
Edward J. Longosz, II (VSB #39411)
Kennedy C. Ramos (VSB #92141)
ECKERT SEAMANS CHERIN
 & MELLOTT, LLC
1717 Pennsylvania Avenue, NW
Suite 1200
Washington, D.C. 20006
(202) 659-6619/6675
(202) 659-6699 – Fax
*Attorneys for Defendant ZAIC*
elongosz@eckertseamans.com
kramos@eckertseamans.com

## **CERTIFICATE OF SERVICE**

      I certify that on May 10, 2019, a true and correct copy of the foregoing Defendant Zurich American Insurance Company's Statement Regarding Jurisdiction was filed with the Clerk of the Court, and served upon the persons below, via this Court's CM/ECF system.

> Horace F. Hunter, Esq.
> Hunter & Everage
> 217 EAST CLAY STREET
> RICHMOND VA 23219
> hfh@hunter-everage.com
> 864.780.1235
>
> William Ray Baldwin, III
> Meyer Baldwin Long & Moore LLP
> 5600 Grove Ave
> Richmond, VA 23226-2102
> (804) 285-3888
> Fax: (804) 285-7779
> billbaldwin@comcast.net
>
> *Attorneys for Plaintiff Roberto Baptist*

                                                */s/ Kennedy C. Ramos*
                                                Kennedy C. Ramos