VIRGINIA:

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISCTRICT OF

VIRGINIA

|  |  |  |
|---|---|---|
| ROBERTO BAPTIST,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 3:19cv186 |

## MOTION TO COMPEL A DISCOVERY RESPONSE AND SUPPORTING BRIEF

COMES NOW the Plaintiff, Roberto Baptist, by counsel, pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure and requests this Court enter an Order compelling the Defendant to respond to interrogatories propounded to them in this matter.  Specifically, the Plaintiff requests that the Defendant be compelled to answer the following:

1. Identify all persons employed by Lasership, Inc. within the past 5 years who purchased an occupational accident insurance policy from Zurich American Insurance Company and subsequently suffered a workplace accident.

2. Of the individuals identified in Interrogatory No. 2, identify the individuals who filed claims under the Virginia Workers' Compensation Act.

3. Identify the companies in the Commonwealth of Virginia for which Zurich American Insurance Company provides both workers' compensation insurance to the company as well as occupational accident insurance to the individuals that the company employs.

As grounds for this Motion, the Plaintiff states as follows:

1. On or about February 14, 2019, the Plaintiff propounded Plaintiff's First Interrogatories to the Defendant and First Request for Production of Documents.  (Exhibit 1).

2. On or about April 5, 2019, the Defendant provided to counsel for the Plaintiff Defendant Zurich American Insurance Company's Objections and Response to Plaintiff's First Interrogatories to Defendant and First Request for Production of Documents.  (Exhibit 2).

3. On or about May 7, 2019, counsel for the Plaintiff sent a letter to counsel for the Defendant requesting that they respond to the aforementioned interrogatories.  (Exhibit 3). To date, the Defendant has not answered the interrogatories.

## ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any parties claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of person who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction.

See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Rule 401 of the Federal Rules of Evidence provides that:

> Evidence is relevant if:
> (a) It has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) The fact is consequential in determining the action.

Fed.Rule Evid.401.  Rule 406 of the Federal Rules of Evidence provides that:

> Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in

accordance with the habit or routine practice.  The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

Fed.Rule Evid.406.

In the present case, the Plaintiff has alleged a conspiracy between Zurich American Insurance Company and Lasership, Inc. to prevent the Plaintiff from filing a claim for benefits with the Virginia Workers' Compensation Commission.  The Plaintiff alleges that he was told by representatives from Lasership and Zurich that he was not eligible for workers' compensation benefits.  In fact, he was told by a representative of Zurich that should he file a workers' compensation claim then they would immediately stop paying the benefits that they had begun paying under the occupational accident insurance policy.  In fact, after he filed a claim with the Workers' Compensation Commission, Zurich immediately stopped paying the benefits to which he was entitled under the occupational accident insurance policy.  The Plaintiff further alleges that he was told by a representative of Zurich that they would reinstate his benefits under the policy if he withdrew his workers' compensation claim.  Evidence of other individuals similarly situated to the Plaintiff is clearly admissible at trial in this matter.  Moreover, under the Rule 26(b)(1), the evidence does not have to be admissible at trial, it simply has to be reasonably calculated to lead to evidence that will be admissible at trial.  Therefore, the Defendant's objections to the interrogatories in question are without merit.  In addition, it is relevant at a trial on this matter whether Zurich engages in this practice with other companies located within the Commonwealth of Virginia.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests this Court enter an Order compelling the Defendant to respond to the aforementioned interrogatories and award to the Plaintiff attorney's fees and any other relief the Court deems appropriate.

Respectfully Requested,
Roberto Baptist
By:


_____/s/_____

Horace F. Hunter, Esq.
VSB#44186
Hunter & Everage, PLLC
217 East Clay Street
Richmond, VA 23219
(804) 780-1235
(804) 780-2355 fax
hfh@hunter-everage.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was mailed, postage

prepaid, to Kennedy C. Ramos, Eckert Seamans, 1717 Pennsylvania Avene, N.W., 12th Floor,

Washington, DC 20006 on May 21, 2019


_____/s/_____

Horace F. Hunter, Esq.

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

|  |  |
|---|---|
| **ROBERTO BAPTIST,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | )  **Case No.:** |
| **v.** | ) |
| | ) |
| **ZURICH AMERICAN INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiff, Roberto Baptist, pursuant to Rules 4:8 and 4:9 of the Rules of the Supreme Court of Virginia, propounds the following Interrogatories and Request for Production of Documents on the Defendant, Zurich American Insurance Company, in accordance with the following Definitions and Instructions.

### DEFINITIONS AND INSTRUCTIONS:

A.  These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

B.  The terms "identify", "identity", "identifying", or "identification" shall mean:

(i)  with respect to a natural person, state his or her full name, last known address, telephone number, occupation, and business address.

(ii)  with respect to a firm, corporation, governmental agency or department, or artificial person, state its full name and location and the identity or the person at such firm,



corporation, governmental agency, or department, or artificial person having knowledge of the information requested;

(iii)  when applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, author or preparee and recipients thereof, its present location and custodian thereof.

C.  Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of occurrence mentioned or complained of in the Complaint.

D.  Where information or knowledge in possession of a party is requested, such request includes knowledge of the party's agent, employees, next friend, guardian, representatives and, unless privileged, his attorneys.

E.  The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in clause D.

F.  "Describe in detail" and "state specifically" shall mean to state what is requested to be described, including all facts and opinions known and held concerning what is requested to be described, the identity of all persons having any knowledge of and opinions relating to what is described, the identity of all documents relating to what is to be described and all relative dates and time periods.

G.  "Recording" shall mean any tape or other device on which a voice, tape or film on which sound or action is recorded.

H.  Whenever appropriate in this request, the singular form of a word shall be interpreted as plural and vice versa.

I.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

J. Wherever appropriate in this request, the masculine form of a word shall be interpreted as feminine and vice versa.

K. The term "person" means any natural person, corporation, firm, partnership, or other legal entity.

L. The term "information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts, and formulae.

M. "Document" refers to any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to all papers, books, documents, records, reports, files, writing, memoranda, letters (sent or received), contracts, including original documents, diagrams, charts, photographs, drafts, and all generations and copies thereof where applicable, tape recordings, mechanical recordings or similar recordings and any log and/or transcript thereof, and any other tangible things of a similar nature, and including also manufacturing drawings, including, but not limited to sketches, shop drawing, blueprints and all other drawings. This term also includes any other tangible thing from or on which information can be obtained, translated, inscribed or memorialized in any way, by any means, regardless of technology or form.

N. A document "relating to" any given matter means any document that constitutes, contains, discusses, embodies, reflects, identifies, states, refers to, confirms, or that is in any way pertinent to that matter.

O. The term "communication" includes every exchange of information by any means whatsoever.

P. The term "thing" includes any sample, article, device or apparatus.

Q. To the extent you object to or claim a privilege with respect to the production of any document, in whole or in part, set for the all reasons and the underlying factual basis for your

objection or claim of privilege in sufficient detail to permit the Court to determine the validity of your objection or claim of privilege.

R. Each request for production shall be construed to impose upon the party answering it the continuing obligation to supplement the answer thereto with documents that are discovered or come into your possession after you respond to this request.

---

## INTERROGATORIES

1. Identify any all persons with knowledge of any of the facts giving rise to this suit. In your response, identify the person, provide a summary of the information within their knowledge, and the person's address and telephone number.

   **ANSWER:**

2. Identify all persons employed by Lashership, Inc. within the past 10 years who purchased an occupational accident insurance policy from Zurich American Insurance Company and subsequently suffered a workplace accident. In your response, provide the person's name, address and telephone number.
   **ANSWER:**

3. Of the individuals identified in Interrogatory #2, identify the individuals who filed claims under the Virginia Workers' Compensation Act.
   **ANSWER:**

4. State in detail the reason why individuals employed by Lasership, Inc. in the same or similar capacity as the Plaintiff were required to purchase occupational accident insurance from Zurich American Insurance Company.

**ANSWER:**

5. State in detail why the occupational accident insurance policy identified as Exhibit 1 in the Complaint does not pay benefits if the policy holder files for workers' compensation benefits under state law.

**ANSWER:**

6. State in detail why the Plaintiff was not told that Zurich American Insurance Company also provided workers' compensation insurance to Lasership, Inc.

**ANSWER:**

7. List the companies for which Zurich American Insurance Company provides both workers' compensation insurance to the company as well as occupational accident insurance to the individuals that the company employees.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All statements taken from any eye witness to the incident giving rise to this suit.

**RESPONSE:**

2.      All statements taken from any person (not an eyewitness) having any knowledge

of the incident giving rise to this suit.

**RESPONSE:**


3.      All statements taken from the Plaintiff.

**RESPONSE:**


4.      Any and all documents identified or relied upon in answering Plaintiff's First

Interrogatories.

**RESPONSE:**




**A CONTINUING ANSWER IS DEMANDED.**

Horace F. Hunter, Esquire
VSB# 44186
Hunter & Everage
217 East Clay Street
Richmond, Virginia 23219
(804) 780-1235
(804) 780-2355 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was mailed, postage prepaid, to Virginia M. Sadler, Jordan Coyne LLP, 105 Judicial Drive, Suite 200, Fairfax, VA 22030 on February 14, 2019.

Horace F. Hunter, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| ROBERTO BAPTIST | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No. 3:19-CV-00186-REP |
| v. | ) |
| | ) |
| ZURICH AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S**
**OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES TO**
**DEFENDANT AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Zurich American Insurance Company, states that the following Answers to

Plaintiff's First Set of Interrogatories are based on information communicated by employees and

agents for defendant, and obtained from books and records of defendant and are true and correct

to the best of defendant's information, knowledge and belief.

(a)     Defendant hereby reserves any objections defendant may have to the admission
into evidence of the information provided herein on the grounds of materiality, relevancy or
other proper grounds for objection.

(b)     The information provided herein is not based solely on the knowledge of the
defendant, but includes knowledge of defendant's agents and representatives, unless privileged.

(c)     The word usage and sentence structure of the answers may be that of the attorney
assisting defendant and thus does not necessarily purport to be the precise language of the
defendant.

(d)     Wherever an objection appears below, unless otherwise noted, it is based on the
response being unduly burdensome and broad, immaterial, irrelevant and not reasonably
calculated to lead to the discovery of admissible evidence.

(e)     The answers are being provided for purposes of this case only and specific to the
occupational accident insurance policy (Exhibit 1 to the Complaint).



(f)     For purposes of these responses, Zurich American Insurance Company is also referred to as ZAIC or Zurich.

(g)     The answers will be supplemented as discovery proceeds.

## INTERROGATORIES

1.     Identify any and all persons with knowledge of any of the facts giving rise to this suit.  In your response, identify the person, provide a summary of the information within their knowledge, and that person's address and telephone number.

**ANSWER:**

- Karen Switzer, Zurich Claims Adjuster.  Karen Switzer has knowledge regarding Plaintiff's submission of a claim for benefits under Occupational Accident Insurance Policy OCA 0230611-02.  Karen Switzer may be contacted through counsel.

- Roberto Baptist, Plaintiff.

- Kenyon Carr, IC Administrator, Delivery Resources, LaserShip, Inc.  703-782-1411, 1912 Woodford Road, Vienna VA 22182.  Upon information and belief, Kenyon Carr has knowledge regarding Plaintiff's dispatch at the time of the claimed occupational injury.

2.     Identify all persons employed by Lasership, Inc. within the past 10 years who purchased an occupational accident insurance policy from Zurich American Insurance Company and subsequently suffered a workplace accident.  In your response, provide the person's name, address and telephone number.

**ANSWER:**     ZAIC objects to the extent this Interrogatory is overbroad and exceeds the scope of discoverable information under Fed. R. Civ. P. 26(b)(1) and is not reasonably related to the issues involved in this case.  Namely, the request, which seeks information not relevant to Plaintiff's claimed workplace accident, the specific policy or policies under which Plaintiff made a claim, or any related claims processing.  The request is further objectionable since the information requested is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the importance of the discovery in resolving the issue, and considering that the burden of the proposed discovery outweighs its likely benefits.

2

ZAIC objects to the extent that this Interrogatory's use of the undefined phrase "employed by" presumes a legal conclusion. ZAIC further objects insofar as this Interrogatory presumes a policyholder relationship between undefined persons and ZAIC. The terms of the relevant Occupational Accident Insurance Policy contradict the assumption contained in this Interrogatory and speak for themselves.

ZAIC objects to the extent this Interrogatory seeks private contractual or policy information, private healthcare information protected by HIPAA and/or other applicable healthcare privacy laws.

3.      Of the individuals identified in Interrogatory #2, identify the individuals who filed claims under the Virginia Workers' Compensation Act.

**ANSWER:**   ZAIC refers Plaintiff to its response to Interrogatory 2. ZAIC further objects to the extent this Interrogatory requests information outside of ZAIC's possession, custody, or control.

4.      State in detail the reason why individuals employed by Lasership, Inc. in the same or similar capacity as the Plaintiff were required to purchase occupational accident insurance from Zurich American Insurance Company.

**ANSWER:**   ZAIC objects to the extent this Interrogatory presumes a legal conclusion that Plaintiff and/or other undefined individuals were "employed by" Lasership, Inc., and it seeks information from a non-party over whom ZAIC has no control. ZAIC has no further information in its possession, custody, or control that is responsive to this Interrogatory at this time.

5.      State in detail why the occupational accident insurance policy identified as Exhibit 1 in the Complaint does not pay benefits if the policy holder files for workers' compensation benefits under state law.

**ANSWER:**   ZAIC objects to the extent this Interrogatory contains a policy interpretation and legal conclusion regarding the terms of the policy referenced therein. The policy in question speaks for itself and requires a condition precedent to the provision of benefits.

6.    State in detail why the Plaintiff was not told that Zurich American Insurance Company also provided workers' compensation insurance to Lasership, Inc.

**ANSWER:**   ZAIC objects to the extent this Interrogatory seeks information from a non-party over whom ZAIC has no control. ZAIC has no further information in its possession, custody, or control that is responsive to this Interrogatory at this time.

7.    List the companies for which Zurich American Insurance Company provides both workers' compensation insurance to the company as well as occupational accident insurance to the individuals that the company employees.

**ANSWER:**   ZAIC objects to the extent this Interrogatory is overbroad and exceeds the scope of discoverable information under Fed. R. Civ. P. 26(b)(1) and is not reasonably related to the issues involved in this case. Namely, the request, which seeks information not relevant to Plaintiff's claimed workplace accident, the specific policy or policies under which Plaintiff purportedly made a claim, or any related claims processing, is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the importance of the discovery in resolving the issue, and considering that the burden of the proposed discovery outweighs its likely benefits.

ZAIC objects to the extent this Interrogatory contains legal conclusions regarding the terms of undefined and unspecified policies and the employment status of undefined individuals.

4

## REQUESTS FOR PRODUCTION

Defendant, Zurich American Insurance Company, provides the following objections and responses to Plaintiff's First Request for Production of Documents:

(a)    Defendant hereby reserves any objections defendant may have to the admission into evidence of the information provided herein on the grounds of materiality, relevancy or other proper grounds for objection.

(b)    Wherever an objection appears below, unless otherwise noted, it is based on the response being unduly burdensome and broad, immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

(c)    The responses are being provided for purposes of this case only.

(d)    The responses will be supplemented as discovery proceeds.

## RESPONSE TO REQUESTS FOR PRODUCTION

1.    All statement taken from any eye witness to the incident giving rise to this suit.

**RESPONSE:** Defendant is not able to respond to this Request since the terms

"statement" and "incident" were undefined.  Objection to the extent seeks attorney work product,

privileged information or information collected in anticipation of litigation.  Otherwise, ZAIC is

not aware of nor in possession of any eye witness statement at this time.


2.    All statement taken from any person (not an eyewitness) having any knowledge of the incident giving rise to this suit.

**RESPONSE:** Defendant is not able to respond to this Request since the terms

"statement" and "incident" were undefined.  Objection to the extent seeks attorney work product,

privileged information or information collected in anticipation of litigation.  Otherwise, ZAIC is

not aware of nor in possession of any such statement at this time.


3.    All statements taken from the Plaintiff.

5

**RESPONSE:** Objection.  Defendant is not able to respond to this Request since the term "statements" was undefined.  Notwithstanding, ZAIC directs Plaintiff to its Response to Request Number 1.

4.     Any and all documents identified or relied upon in answering Plaintiff's First Interrogatories.

**RESPONSE:** None at this time.

Respectfully submitted,

*Edward J. Longosz, II*

Edward J. Longosz, II (VSB#39411)
Kennedy C. Ramos (VSB#92141)
ECKERT SEAMANS CHERIN
   & MELLOTT, LCC
1717 Pennsylvania Avenue NW
12th Floor
Washington, D.C. 20006
(202) 659-6600 Telephone
(202) 659-6699 Fax
elongosz@eckertseamans.com
kramos@eckertseamans.com
*Attorneys for Defendant ZAIC*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Defendant Zurich American Insurance Company's Response to Plaintiff's First Interrogatories to Defendant and First Requests for Production of Documents** was served this 5th day of April, 2019 served on:

> Horace F. Hunter
> Hunter & Everage
> 217 East Clay Street
> Richmond, VA 23219

Edward J. Longosz, II

7

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERTO BAPTIST                          )
                                         )
              Plaintiff,                  )
                                         )        Case No. 3:19-CV-00186-REP
v.                                        )
                                         )
ZURICH AMERICAN INSURANCE                 )
COMPANY,                                  )
                                         )
              Defendant.                  )

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that on this 5th day of April, 2019, I served on all counsel hereto,

**Defendant Zurich American Insurance Company's Objections and Responses to Plaintiff's**

**First Interrogatories and Request for Production of Documents** and that I will retain the

original of this document in my possession, without alteration, until the case is concluded in this

Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

_Edw J. Longosz II_

Edward J. Longosz, II (VSB#39411)
Kennedy C. Ramos (VSB#92141)
ECKERT SEAMANS CHERIN
    & MELLOTT, LCC
1717 Pennsylvania Avenue NW
12th Floor
Washington, D.C. 20006
(202) 659-6600 Telephone
(202) 659-6699 Fax
elongosz@eckertseamans.com
kramos@eckertseamans.com
*Attorneys for Defendant ZAIC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Certificate Regarding Discovery** was served this 5th day of April, 2019 served on:

>Horace F. Hunter
>Hunter & Everage
>217 East Clay Street
>Richmond, VA 23219

_Edw J. Lyng_

Edward J. Longosz, II

2

HUNTER | EVERAGE

May 7, 2019

Kennedy C. Ramos
Eckert Seamans
1717 Pennsylvania Avenue, N.W.
12th Floor
Washington, DC 20006

**Re:** **Roberto Baptist v. Zurich American Insurance Company**
 **Case No.: 3:19cv186**

Dear Ms. Ramos:

I am writing in response to your objections to the interrogatories previously propounded in this matter. With respect to Interrogatories No. 2 and No. 3, in an effort to compromise, we will agree to limit the time frame from 10 years to 5 years. Therefore, we are requesting that you produce the identity of all persons employed by Lasership, Inc. from January 1, 2014 thru January 1, 2019 who purchased an occupational accident insurance policy from Zurich American Insurance Company and subsequently suffered a workplace accident. We believe that this information is clearly discoverable as it is not only reasonably calculated to lead to evidence that will be admissible at a trial, but that the requested information will actually be admissible at trial pursuant to Rules 401 and 406 of the Federal Rules of Evidence.

With respect to Interrogatory No. 7, in an effort to compromise, we will agree to limit the scope of this request to companies doing business within the Commonwealth of Virginia. Therefore, we are requesting that you produce a list of companies doing business within the Commonwealth of Virginia for which Zurich American Insurance Company provides both workers' compensation insurance to the company as well as occupational accident insurance to the employees. We believe that this information is clearly discoverable as it is not only reasonably calculated to lead to evidence that will be admissible at a trial, but that the requested information will actually be admissible at trial pursuant to Rules 401 and 406 of the Federal Rules of Evidence.

PLEASE RESPOND TO VIRGINIA OFFICE
1800 Camden Road, Suite 104 | Charlotte, North Carolina 28203 | tel (704) 377-9157 | fax (704) 377-9160
217 East Clay Street | Richmond, Virginia 23219 | tel (804) 780-1235 | fax (804)
www.hunter-everage.com



DEFENDANT'S
EXHIBIT
3

With respect to Interrogatories No. 4 thru 6, we respectfully request that you withdraw your objections and answer fully. In the event you do not withdraw your objections, please answer that portion of the interrogatory that is not objectionable.

Please respond by May 17, 2019 at 10:00 a.m. in order to avoid a motion to compel. I am available all day tomorrow if you would like to discuss further.

Thank you for your prompt attention to this matter.

If you have any further questions, please do not hesitate to contact my office.

Sincerely,

Horace F. Hunter, Esq.

HFH/dm