**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| ROBERTO BAPTIST | ) |
| | ) |
| Plaintiff, | ) |
| | )    Case No. 3:19-CV-00186-REP |
| v. | ) |
| | ) |
| ZURICH AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S REPLY IN SUPPORT OF STATEMENT REGARDING JURISDICTION**

In accordance with this Court's orders dated April 24, 2019 and May 29, 2019, Defendant Zurich American Insurance Company ("ZAIC"), by and through counsel, hereby files its Reply in Support of its Statement Regarding Jurisdiction.

## I.       INTRODUCTION

ZAIC maintains that removal of Plaintiff's Complaint to this Court was appropriate based on Plaintiff's pre-removal settlement demands, which did in fact indicate that Plaintiff believed that the ultimate value of his claims exceeded this Court's $75,000 jurisdictional requirement. Nevertheless, insofar as Plaintiff now concedes and stipulates that the value of his claims is tied to and limited by the premiums expended by him for the Occupational Accident Policy in question and excludes punitive damages, *See* ECF 23, Pl.'s Response at 3, 4, 5, ZAIC submits that subject to Plaintiff's admission regarding the value of his claims, the strict construction of federal jurisdiction may require remand of the instant case.

## II.     ARGUMENT IN SUPPORT OF REPLY

Plaintiff's response is largely devoted to discussion of the *ad damnum* clause and the fact that an action for declaratory relief in Virginia does not require a recitation of damages or *ad damnum*. *Id.* at 3.  First, although Plaintiff's Complaint is plead as a declaratory judgment action, Plaintiff has received full recovery of insured damages through settlement in the workers' compensation case, thereby rendering Plaintiff's rights under the Occupational Accident Policy moot.  Because Plaintiff has been compensated for his injury, there is no relief to be provided by the Court in the form of a declaration of rights or coverage.

Notwithstanding, there is no support for Plaintiff's assertion that the absence of a prayer for a monetary judgment in a Virginia declaratory judgment case "excludes the quantum of monetary damages from consideration by [a] federal court seeking to determine whether there is present the requisite amount in controversy." *Id.*  In fact, the opposite is true: "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed. 2d 383 (1977).

Based on Plaintiff's settlement demands at the time of removal, ZAIC had a good faith basis for believing that the value of Plaintiff's claims in this case, excluding the workers' compensation case, exceeded $75,000.  Consideration of Plaintiff's settlement demand in

determining the amount in controversy is consistent with federal law.[1]  *See* ECF 18, Def.'s Notice

Re: Jurisdictional Statement at 4 n.3.  Moreover, while it is correct that the relevant inquiry for

jurisdictional purposes is the complaint and record at the time of removal, Plaintiff's post-removal

settlement demand of $160,000[2] is relevant to whether the object of the litigation—Plaintiff's

claims *in this case*—exceeded $75,000 based on Plaintiff's own valuation.  *S. Fla. Wellness, Inc.*

*v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) ("A court may rely on evidence put

forward by the removing defendant, as well as reasonable inferences and deductions drawn from

that evidence, to determine whether the defendant has carried its burden.").

Notwithstanding the fact that removal was appropriate based on the information available

to ZAIC at the time of removal, Plaintiff now apparently argues that the more appropriate measure

of the amount in controversy for his declaratory judgment claims is the compensatory damages

amount set forth in his initial disclosures.  To be sure, Plaintiff's initial disclosures alleged

---

[1] Given Plaintiff's $160,000 demand for his claims in this case (not including the workers' compensation case), there is no basis for his suggestion that ZAIC should have known that his damages were limited to the premiums he paid for the Occupational Accident Policy.  *See* ECF 23, Pl.'s Resp. at 5.  Indeed, the Fourth Circuit has explained that:

> "Estimating the amount in controversy is not nuclear science," as a removing defendant is somewhat constrained by the plaintiff.  *S. Fla. Wellness, Inc. v. Allstate Ins. Co*., 745 F.3d 1312, 1317 (11th Cir. 2014).  After all, as "masters of their complaint" plaintiffs are free to purposely omit information that would allow a defendant to allege the amount in controversy with pinpoint precision.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005).  In many removal cases, a defendant's allegations rely to some extent on reasonable estimates, inferences, and deductions.

*Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017).  Moreover, "[t]he key inquiry … is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation."  *Id.* (quotation omitted).  Accordingly, the fact that Plaintiff was unlikely to recover the amounts demanded for the claims alleged in this case does not necessarily render his settlement demands irrelevant for purposes of determining the value of the object of the litigation.

[2] Plaintiff has not disputed the settlement demand amounts asserted in ZAIC's Notice.

compensatory damages in the amount of $9,979.20, and punitive damages in the amount of $100,000.   *See* ECF 18-1, Ex. A to Def.'s Notice Re: Jurisdictional Statement.   Plaintiff's compensatory damages amount apparently represents treble damages for the amount of premiums he paid for the Occupational Accident Insurance Policy issued by ZAIC, meaning that his actual damages are $3,326.40.   Nevertheless, Plaintiff's Response contends that the jurisdictional amount in controversy is not satisfied here because Plaintiff's claim for compensatory damages does not satisfy the jurisdictional threshold.   Plaintiff does not discuss the punitive damages amount alleged in his initial disclosures ($100,000), or include that figure in his discussion and argument against the exercise of federal jurisdiction.

Plaintiff's omission of punitive damages from his jurisdictional response amounts to a judicial admission that such damages cannot be recovered in this case.[3]   When punitive damages are recoverable under state law, they are appropriately considered when assessing the amount in controversy.   *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.");

---

[3] The Fourth Circuit has explained that:

> A judicial admission is a representation made by a party that, "unless allowed by the court to be withdrawn, is conclusive in the case." *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264 (4th Cir. 2004) (quoting *Keller v. United States*, 58 F.3d 1194, 1199 n. 8 (7th Cir.1995)). Judicial admissions "go to matters of fact which, otherwise, would require evidentiary proof." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963). In addition, judicial admissions "include intentional and unambiguous waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law." *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 347 (4th Cir. 2014) (internal quotation marks omitted). A purported judicial admission is binding only if the statement is "deliberate, clear, and unambiguous." *Id.*

*Everett v. Pitt Cty. Bd. of Educ.*, 788 F.3d 132, 141 (4th Cir. 2015).

*see also LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 551 (7th Cir. 2008) ("[W]here punitive damages are relied upon to satisfy the amount in controversy requirement, the court must first determine whether punitive damages are recoverable under state law.  If punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount.") (quotation and citation omitted).

In sum, the punitive damages amount in Plaintiff's initial disclosures would clearly satisfy this Court's jurisdictional requirement.  A federal court assessing the jurisdictional amount in controversy must consider punitive damages *unless* (i) punitive damages cannot be recovered under state law, *or* (ii) punitive damages will not satisfy the amount-in-controversy requirement as a matter of legal certainty.  *See Spaulding Enterprises Inc.*, 533 F.3d at 551.  Because Plaintiff's Response fails to discuss or substantively consider the punitive damages amount in his argument in support of remand, he essentially concedes that those damages are either unavailable under State law, or will not satisfy the jurisdictional amount to a point of legal certainty.  Plaintiff should not be permitted to omit consideration of his claim for punitive damages from the amount in controversy calculus and then assert a right to recover additional damages at a later date.[4] Plaintiff's failure to discuss or analyze the effect of his punitive damages claim on the amount in controversy in his jurisdictional statement amounts to a deliberate, clear, and unambiguous judicial admission that punitive damages are not recoverable in this case.  *See Everett*, 788 F.2d at 141.

---

[4] Other district courts remanding cases based on a party's representation regarding the value of their claim have noted that such parties' should be prevented from later requesting more than the jurisdictional amount. *See, e.g. Holmberg v. Applica Consumer Prod., Inc*., No. 1:14-CV-00642-WCO, 2014 WL 12625946, at *2 (N.D. Ga. Aug. 12, 2014) (plaintiff judicially estopped from requesting more than $75,000); *see also* ECF 18, Def.'s Notice Re: Jurisdictional Statement at 6 n.6.

### III.      CONCLUSION

ZAIC properly removed the instant action to federal court.  However, in light of Plaintiff's recent concessions and judicial admission regarding the valuation of his claims, ZAIC acknowledges that remand may be appropriate, subject to Plaintiff's admission regarding the value of his claims and the damages recoverable, and subject to Plaintiff being precluded from later claiming an increased damages or jurisdictional amount.


DATED: June 10, 2019

By:      */s/ Kennedy C. Ramos*
            Edward J. Longosz, II (VSB #39411)
            Kennedy C. Ramos (VSB #92141)
            ECKERT SEAMANS CHERIN
              & MELLOTT, LLC
            1717 Pennsylvania Avenue, NW
            Suite 1200
            Washington, D.C. 20006
            (202) 659-6619/6675
            (202) 659-6699 – Fax
            *Attorneys for Defendant ZAIC*
            elongosz@eckertseamans.com
            kramos@eckertseamans.com

## CERTIFICATE OF SERVICE

I certify that on June 10, 2019, a true and correct copy of the foregoing Defendant Zurich American Insurance Company's Statement Regarding Jurisdiction was filed with the Clerk of the Court, and served upon the persons below, via this Court's CM/ECF system.

Horace F. Hunter, Esq.
Hunter & Everage
217 East Clay Street
Richmond VA 23219
hfh@hunter-everage.com
864.780.1235

William Ray Baldwin, III
Meyer Baldwin Long & Moore LLP
5600 Grove Ave
Richmond, VA 23226-2102
(804) 285-3888
Fax: (804) 285-7779
billbaldwin@comcast.net

*Attorneys for Plaintiff Roberto Baptist*

*/s/ Kennedy C. Ramos*
Kennedy C. Ramos